IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIMMIE L. RICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JASON EDGCOMB, et al., ) <br> ) <br> Defendants/Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CORRECTIONAL HEALTH CARE ) <br> COMPANIES, INC., ) <br> ) <br> Third-Party Defendant. ) | No. 13-CV-7695 <br><br> Hon. Charles R. Norgle |

## ORDER

Third-Party Defendant Correction Healthcare Companies, Inc.'s Motion to Dismiss Amended Third-Party Complaint [116] is granted. Third-Party Defendant Correctional Healthcare Companies, Inc.'s Unopposed Motion to Withdraw Motion to Dismiss Without Prejudice and to Strike the 12/23/15 Motion Hearing [113] is denied as moot.

## STATEMENT

While he was incarcerated at La Salle County Jail, Plaintiff Jimmie Rice ("Plaintiff") experienced excruciating pain in connection with calculi in his kidneys (commonly known as kidney stones). He subsequently brought this case against Defendant-Sheriff's Deputies Jason Edgcomb ("Edgcomb"), Timothy Clark, Jerry Rimmele, Derek Vicich, John Armstrong (Clark, Rimmele, Vicich, and Armstrong are referred to as the "Sheriff's Deputies"); (collectively, all defendants are "Defendants"), alleging that Defendants were deliberately indifferent to his medical condition, in violation of 42 U.S.C. § 1983. More than two years later, Defendants impleaded Third-Party Defendant Correctional Healthcare Companies ("Correctional") pursuant to Federal Rule of Civil Procedure 14(a), and allege that Correctional owes a contractual duty of indemnification for Defendants' actions. Before the Court[1] is Correctional's motion to dismiss

---

[1] Correctional previously filed a motion to dismiss Defendants' original third-party complaint. In lieu of a Response, Defendants filed an amended complaint, which rendered their original third-party complaint *functus officio* and mooted Correctional's original motion to dismiss. As Correctional's original motion is no longer before the Court, the Court denies as moot Correctional's motion to withdraw its motion to dismiss.

pursuant to Rule 12(b)(6).[2] For the following reasons, Correctional's motion is granted.

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (stating that a complaint must allege "enough facts to state a claim to relief that is plausible on its face"). "A claim for relief must be plausible rather than merely conceivable or speculative. But all that means is that the plaintiff must 'include enough details about the subject matter of the case to present a story that holds together.'" Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015) (quoting Carlson v. CSX Transp., Inc., 758 F.3d 819, 826 (7th Cir. 2014)). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Indep. Trust Corp., 665 F.3d at 934 (internal quotation marks and citation omitted).

When deciding a Rule 12(b) motion, the Court only considers the facts alleged in the complaint and any exhibits attached to the pleadings. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 505 (7th Cir. 2013); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). Generally, when materials are submitted outside the pleadings in connection with a Rule 12(b) motion, the Court must either (1) disregard the evidence in deciding the motion, or (2) convert the motion to a Rule 56 motion for summary judgment and allow the non-moving party to respond to the external evidence. Fed. R. Civ. P. 12(d). But "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).

The following facts are taken from Plaintiff's Second Amended Complaint, Defendants' Amended Third-Party Complaint, and attached exhibits. On December 28, 2011, Correctional and La Salle County, Illinois signed an "Agreement for Inmate Health Care Services" (the "Agreement"). Ex. B to Jason Edgcomb, Timothy Clark, John Armstrong, Jerry Rimmele, and Derek Vicich's Am. Third-Party Compl. Against Correctional Health Care Companies, Inc. 8, ECF No. 112-2. The Agreement contained the following indemnifying language:

> INDEMNIFICATION. CHC [Correctional] agrees to indemnify and hold harmless the COUNTY, its officials, agents, and employees from and against any and all claims, actions, lawsuits, damages, judgments or liabilities of any kind whatsoever caused by, based upon or arising out of any act, conduct, misconduct or omission <u>of CHC, its agents, employees, or independent contractors</u> in connection with the performance or non-performance of its duties under this AGREEMENT.

Agreement § 10.3, at 19 (p. 26 of the Exhibit) (emphasis added).

At all relevant times, Plaintiff was an inmate in the jail for La Salle County, Illinois. When Plaintiff was admitted to the jail on April 14, 2013, the intake nurse noted that "Plaintiff had a history of kidney stones and was experiencing urinary burning and dysuria." Second Am. Compl. ¶ 8. On April 16, 2013, Plaintiff told one of the Sheriff's Deputies that "he was

---

[2] Correctional also moves to dismiss pursuant to Rules 12(b)(1) and 12(c). As described below in more detail, because the Court finds that Defendants' third-party complaint fails to state a claim, Correctional's alternative arguments will not be discussed.

2

experiencing an incapacitating degree of pain in his left flank." Id. ¶ 11. Approximately two hours after he told one of the Sheriff's Deputies about his pain, Plaintiff began vomiting and asked a fellow inmate to tell a deputy that Plaintiff was sick and needed immediate medical care.

In response to Plaintiff's request, one of the Sheriff's Deputies came to Plaintiff's cell and told Plaintiff to come with him. When Plaintiff replied that he was unable to walk due to pain, the Sheriff's Deputy returned with a wheelchair, and wheeled Plaintiff to a suicide-risk cell. Once in the suicide cell, the Sheriff's Deputy came back to the cell with the rest of the Deputies. One of them then threw a "suicide suit" at Plaintiff, and ordered him to take off his clothes and put the suit on. Second Am. Compl. ¶ 14. As Plaintiff struggled to put the suit on, the Sheriff's Deputies laughed and "made profane jokes" directed at Plaintiff. Id. ¶ 15. The Sheriff's Deputies also told Plaintiff that "'Nurse Rita' gave the order to put Plaintiff in a suicide suit." Id. ¶ 16.

Eventually, another deputy discovered Plaintiff, and brought him to the Nurse's station, where Nurse Rita Alafogiannis ("Nurse Alafogiannis") evaluated Plaintiff, found blood in his urine, and recommended that he go to the hospital for additional testing. The following day, on April 17, 2013, Plaintiff successfully underwent surgery to remove a kidney stone.

On April 1, 2015, Plaintiff filed his Second Amended Complaint, alleging that Defendants were deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff did not sue Nurse Alafogiannis or her employer, Correctional. In December 2015, Defendants filed a one-count third-party complaint against Correctional, pursuant to Rule 14(a), alleging that the Agreement required Correctional to indemnify Defendants for their alleged misconduct, should they be found liable to Plaintiff. Correctional subsequently filed a motion to dismiss for failure to state a claim.

Correctional argues that it has no contractual duty to indemnify Defendants because they are not listed in the indemnification section of the Agreement. The Court ordinarily applies the law of the forum state in which the Court sits, see Hess v. Bresney, 784 F.3d 1154, 1158 (7th Cir. 2015), and the parties do not otherwise dispute that Illinois' law applies to this case. Under Illinois law, if the contractual language is unambiguous, the Court must construct the contract according to the words' plain and ordinary meaning. AMCO Ins. Co. v. Erie Ins. Exch., 2016 IL App (1st) 142660 ¶ 20 (citing Outboard Marine Corp v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992)).

In their Third-Party Complaint, Defendants allege that Correctional has a duty to indemnify them "for liability 'arising out of any conduct or misconduct of CHC.'" Third-Party Pls.', Jason Edgcomb, John Armstrong, Timothy Clark, Jerry Rimmele, and Derke Vicich's Resp. Third-Party Def.'s Mot. Dismiss 2 [hereinafter "Third-Party Pls.' Resp."]. Adding to Defendants' theory, they argue in their Response that because Nurse Alafogiannis was the individual who ordered Defendants to place Plaintiff in a suicide suit, Correctional—her employer—should indemnify Defendants. For several reasons, the Court rejects Defendants' attempt at sophistry.

First and foremost, the Agreement does not—regardless of how the clauses are parsed or taken out of context—require Correctional to indemnify La Salle County for the misconduct of any employees besides its own. Defendants are not Correctional's employees; therefore, Correctional has no duty to indemnify them. Defendants' endeavor to argue the contrary point accomplishes nothing more than a waste of the Court's scarce resources.

In their Response, however, Defendants appear to agree with Correctional's construction of the Agreement. Defendants now argue, in the alternative, that Correctional remains liable to

3

Plaintiff because he alleges that his "medical treatment was delayed and that CHC employee 'Nurse Rita' gave the order to put Plaintiff in a 'suicide suit' and had him placed in a holding cell." Third-Party Pls.' Resp. 4. But Defendants' argument ignores Plaintiff's specific allegation that the Sheriff's Deputies—not Nurse Alafogiannis—were responsible for causing Plaintiff's injury when they placed him in a suicide cell. Moreover, Plaintiff alleges that Nurse Alafogiannis was one of the only individuals who responded to his pleas for help; he does not allege that she engaged in any misconduct. In light of Plaintiff's allegations regarding Nurse Alafogiannis, the Court finds that the only reasonable inference of Plaintiff's allegation that the Sheriff's Deputies told Plaintiff that Nurse Rita had ordered his confinement in the suicide cell is that the Sheriff's Deputies fabricated the story about Nurse Rita for pretextual reasons. In their Third-Party Complaint, Defendants sue only Correctional, not Nurse Alafogiannis. Additionally, Defendants do not make any attempt to add additional facts that would show that Correctional or one of its employees had some hand in contributing to Plaintiff's injury. Instead, Defendants simply try to reframe Plaintiff's allegations as to somehow include Nurse Alafogiannis. The Court is unconvinced that Correctional could be liable to Plaintiff, given the factual allegations in this case.

    In sum, Correctional has no contractual duty to indemnify Defendants—principally because Defendants are not Correctional's employees. Also, ignoring for the moment the fact that Defendants did not allege that Nurse Alafogiannis is somehow liable for Plaintiff's injuries, the factual allegations of this case do not support Defendants' proposed finding. Plaintiff alleges that only the Sheriff's Deputies—not Correctional—caused Plaintiff's delay in treatment. Plaintiff alleges that only the Sheriff's Deputies—not Correctional—locked Plaintiff in a suicide cell and demanded that he put on a suicide suit as retribution for asking for medical treatment for his kidney stones. Plainly, Defendants have not stated a claim against Correctional. Accordingly, Correctional's motion to dismiss is granted.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: May 17, 2016